{¶ 30} I respectfully dissent from the majority opinion.
 {¶ 31} I agree with the majority's conclusion the alibi evidence was not newly discovered; therefore, legally insufficient to satisfy the grounds for new trial under Crim. R. 33(A)(6). It is obvious the trial court recognized the evidence was not newly discovered as duly noted in the majority opinion. Despite this fact and despite the trial court's thorough knowledge of the rule, the trial court exercised its discretion to grant a new trial.
 {¶ 32} The definition of abuse of discretion is one embedded into the minds of all appellate jurists. Abuse of discretion connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. The result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias.
 {¶ 33} I have previously written and questioned the wisdom of that portion of the standard of review for abuse of discretion which calls upon a reviewing court to affirm a trial court's decision despite the fact it made an error of law. This case causes me to reevaluate that position. Even though I agree the trial court made an error of law in granting a new trial, an error I suspect the trial court would readily acknowledge, under the circumstances presented herein, I cannot find the trial court's decision evidences perversity of will, defiance of judgment, nor passion or bias. By definition, abuse of discretion connotes more than an error of law. I conclude the trial court did not abuse its discretion in granting a new trial.
 {¶ 34} Part of my reason for so concluding in this case is my concern about the uncertainty of the trial court being able to reach the same result through future post-conviction proceedings as suggested in the majority opinion. Given the procedural posture of this case, it would seem any direct appeal of appellant's conviction and sentence should include an assignment of error alleging ineffective assistance of counsel for failing to investigate and present an alibi defense. Such assignment of error would seem to be cognizable on direct appeal because the factual basis for the claim has been established in the trial court record through the hearing on appellee's motion for a new trial. If so, this court would consider the claim without any deference being given to the trial court's ruling on the new trial motion. Our analysis would include a determination whether there is a reasonable probability the outcome of the trial court would have been different had the alibi evidence been presented.
 {¶ 35} If appellant seeks post-conviction relief (assuming any direct appeal otherwise proves meritless), the trial court would exercise its discretion in deciding whether the basis for the relief is valid and merits a new trial. Our review of the trial court's decision on a post-conviction petition for relief would then be subject to an abuse of discretion standard. The procedural posture on appeal dictates this Court's standard of review, conceivably changing from non-deferential if the claim of ineffectiveness of counsel is asserted on direct appeal from the original conviction and sentence, to highly deferential if asserted on appeal from a post-conviction relief proceeding.
 {¶ 36} Furthermore, it is arguable any future attempt to raise the claim through a post-conviction relief proceeding may well be barred by time limitations and/or the doctrine of res judicata, given the fact the alibi evidence is already in this appellate record.
 {¶ 37} I would affirm the trial court's grant of a new trial.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is reversed and vacated.
Costs to the State of Ohio.